IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND TADEFA,<br><br>    Plaintiff,<br><br>v.<br><br>FED EX OFFICE AND PRINT SERVICES INC,<br><br>    Defendant.<br>_____/ | No. C -14-00677 EDL<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S OBJECTION TO REMOVAL OF CIVIL ACTION** |

    In this tort action, Plaintiff alleges that Defendant discriminated against him when Defendant would not provide copying and printing services to him at a FedEx store in Union City, California. On February 13, 2014, Defendant removed this case based on 28 U.S.C. § 1332 after Plaintiff provided a Statement of Damages in January 2014 stating that his damages exceeded $75,000.

    On March 13, 2014, Plaintiff filed an "Objection to Removal of Civil Action," arguing that the case should be remanded because his damages do not exceed $75,000. Plaintiff submitted a new Statement of Damages with that Objection, purporting to show that his damages are about $41,000. The Court recommends construing Plaintiff's Objection as a Motion to Remand. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("A document filed pro se is 'to be liberally construed,' . . . .") (quoting Estelle v. Gamble, 429 U.S. 97, 104–105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

    On March 18, 2014, Defendant filed a response to Plaintiff's Objection, pointing out that the Court's jurisdiction is determined at the time of the removal, and that post-removal action by Plaintiff to reduce the damages does not deprive the Court of jurisdiction. See, e.g., Rea v. Michaels Store, Inc., 742 F.3d 1234, 1237 (9th Cir. 2014) (" . . . the general rule is that 'the amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed.'

This action is not moot based on the state court's subsequent determination to certify the class because 'post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing.'") (internal citations omitted). There is an exception to this general rule, however, that if the amount in controversy was actually less than $75,000 at the time of removal, remand may be appropriate. See Schwarzer, Federal Civil Procedure Before Trial, § 2.3633 ("On the other hand, evidence showing the amount in controversy was less than $75,000 *at the time of removal* may be the basis for a remand motion.") (emphasis in original).

On April 3, 2014, the Court set a hearing on Plaintiff's Objection for April 14, 2014. Defendant's counsel appeared at the hearing, but Plaintiff failed to appear. As stated on the record, the Court will reassign this case to a District Court judge given the ambiguity as to whether Plaintiff has consented to the jurisdiction of a Magistrate Judge. See Docket Nos. 13, 14.

For the reasons stated at the hearing and in this Order, the Court recommends overruling Plaintiff's Objection, and denying the request to remand. Plaintiff filed a statement listing damages in excess of $75,000. Therefore, when Defendant removed this case, the Court had jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's subsequent reduction in damages does not deprive the Court of jurisdiction. Further, the Objection provides no indication that the initial Statement of Damages in January 2014 was in error, and Plaintiff did not attend the hearing to provide any reasons to support an error.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: April 14, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

2